In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00426-CV
_____

IN THE INTEREST OF H.M.

On Appeal from the 317th District Court
Jefferson County, Texas
Trial Cause No. C-240,693

## MEMORANDUM OPINION

Father appeals an order terminating his parent-child relationship with his one-year-old daughter, H.M. (*Hailey*).[1] Father's parental rights were terminated after the trial court found by clear and convincing evidence in a trial before the bench that he:

---

[1] To protect the identities of Father and H.M., we use pseudonyms in the opinion in place of names. *See* Tex. R. App. P. 9.8(a), (b). The trial court's findings of facts show that Hailey's mother is deceased.

1

(1) knowingly placed or knowingly allowed Hailey to remain in conditions or surroundings that endangered her physical or emotional well-being;

(2) engaged in conduct or knowingly placed Hailey with persons who engaged in conduct that endangered her physical or emotional well-being;

(3) constructively abandoned Hailey, who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months; and

(4) failed to comply with the provisions of a court order establishing the actions Father was required to follow for Hailey to be returned after she was placed in Department care for not less than nine months after being removed from her home for abuse or neglect.[2]

In addition to the above findings, the trial court found by clear and convincing evidence that terminating Father's parent-child relationship with Hailey is in Hailey's best interest.

After Father perfected his appeal, his court-appointed attorney filed a brief. The brief the attorney filed provides the attorney's professional evaluation of the record and asserts that no arguable

---

[2]*See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O).

grounds exist to support Father's appeal.[3] The attorney certified that she sent Father a copy of the brief she filed in his appeal.

After Father's brief was filed with the Court, the Clerk of the Ninth Court of Appeals notified Father that he had until March 6, 2023, to file a pro se response. But the appellate record demonstrates Father did not file a response.

We have independently reviewed the record. Based on our review, we find Father's appeal to be frivolous. Accordingly, we need not appoint another attorney to re-brief the appeal.[4]

For the above reasons, the trial court's judgment is

AFFIRMED.

                   _____

                   HOLLIS HORTON
                   Justice

Submitted on April 3, 2023
Opinion Delivered June 1, 2023

Before Horton, Johnson and Wright, JJ.

---

[3]*See Anders v. California*, 386 U.S. 738 (1967); *In the Int. of L.D.T.*, 161 S.W.3d 728, 731 (Tex. App.—Beaumont 2005, no pet.).

[4]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).